UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

BONNY ESQUIBEL,                                     No. 21-10804-j13

      Debtor.

## **MEMORANDUM OPINION**

Before the Court is Debtor's Motion to Strike Objection to Amended Chapter 13 Plan as Late Filed ("Motion to Strike"–Doc. 37). Debtor requests entry of an order striking the objection of Santander Consumer USA, Inc. dba Chrysler Capital ("Santander") to its amended plan as untimely.

The Court concludes that the Motion to Strike should be denied because the objection to the amended plan was timely. However, since both parties briefed the merits of the objection to the amended plan, and a decision on the merits does not require the Court to take evidence, the Court will address the objection on its merits. Santander objects that the amended plan does not satisfy the requirements of 11 U.S.C. § 1323(a)(5)(B)[1] with respect to treatment of its secured claim. The Court concludes that Santander's failure to object to confirmation of Debtor's original plan constituted an acceptance of the original plan. And because the amended plan did not change Santander's plan treatment,[2] under § 1323(c) Santander is deemed to have accepted the amended plan. Santander's deemed acceptance of the amended plan means that the amended plan need not satisfy the confirmation requirements of § 1323(a)(5)(B) with respect to

---

[1] All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.

[2] *See* Response to Motion to Strike Objection to Amended Chapter 13 Plan ("Response"–Doc. 40), ¶ 1 ("[Debtor's] treatment of Santander did not change.").

Santander's secured claim. Therefore, Santander's objection that the amended plan does not satisfy § 1323(a)(5)(B), although timely filed, must be overruled.

## FACTS

The following facts necessary to resolve the Motion to Strike are not in dispute:

1. Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code on June 30, 2021 ("Voluntary Petition"). Doc. 1.

2. Debtor filed a chapter 13 plan (the "Original Plan"), Doc. 7, on the same date that she filed the Voluntary Petition.

3. Santander is the holder of a claim secured by a vehicle. Doc. 7 and Claim 8-1.

4. The Original Plan provides for bifurcation of Santander's claim, values the vehicle at $16,225.00, and proposes to pay that amount in deferred cash payments with interest at 4.25% per annum. Doc. 7.

5. Santander filed a claim in the amount of $26,645.00. Claim 8-1. Santander claims that the value of the vehicle is $20,700, the amount of its secured claim is $20,700, and the amount of its unsecured claim is $5,945.05. *Id.*

6. The Clerk of Court mailed a copy of the Original Plan and a 21-day Notice of Deadline to Object to Confirmation through the Bankruptcy Noticing Center to all creditors and parties in interest included in the official mailing list for the bankruptcy case, including Santander, on July 2, 2021. Doc. 10 and Doc. 14.

7. The Notice of Deadline to Object to Confirmation provides, in part:

    If you object to confirmation of the plan, you must file an objection within 21 days of the date of service of this notice . . . . If no objections are timely filed, the Court may enter an order confirming the plan without a hearing.

8. The deadline to object to the Original Plan was July 26, 2021.

9.      Santander filed an objection to the Original Plan on August 2, 2021 ("First Objection"). Doc. 20.

10.     On August 30, 2021, Debtor filed a motion to strike the First Objection as untimely filed. Doc. 25.

11.     Santander withdrew its First Objection on August 31, 2021. Doc. 27.

12.     The Court held a preliminary hearing on confirmation of the Original Plan on September 21, 2021.

13.     Following the preliminary confirmation hearing, the Court entered an Order Resulting from Preliminary Confirmation Hearing directing Debtor to file an amended plan "with service on creditors and the Chapter 13 Trustee and notice of objection deadline by September 28, 2021."  Doc. 30.

14.     Debtor filed a First Amended Plan (the "Amended Plan") on September 30, 2021. Doc. 32.

15.     The Amended Plan provides for bifurcation of Santander's claim, values the vehicle at $16,225.00, and proposes to pay that amount in deferred cash payments with interest at 4.25% per annum, the same as in the Original Plan. *Compare* Doc. 7 *with* Doc. 32. The Amended Plan also provides for the same payment terms as the Original Plan. *Id*.

16.     Debtor served a 21-day notice of the deadline to object to the Amended Plan (the "Notice") on all creditors and parties in interest included in the official mailing list for the bankruptcy case, including Santander, on September 30, 2021. Doc. 33.

17.     The Notice provided, in relevant part:

On September 30, 3021, the debtor filed an amended plan, a copy of which is enclosed. If you object to confirmation of the plan, you must file an objection within 21 days of the date of service of this notice . . . . If no objections are timely filed, the Court may enter an order confirming the plan without a hearing.

18. Santander filed an objection to the Amended Plan ("Objection to Amended Plan" or "Objection") on October 6, 2021. Doc. 34.

19. The Objection to Amended Plan asserts the following: 1) the Amended Plan values the vehicle at $16,225 whereas the true value is $20,700 using a retail value; 2) the Amended Plan proposes an interest rate of 4.25% per annum (1 percentage point over the current prime rate) whereas the appropriate interest rate should be 6.25% (3 percentage points over prime); and 3) the Plan does not provide for adequate protection payments to Santander or provide for equal monthly payments.

20. Debtor filed the Motion to Strike on October 12, 2021. Doc. 37.

## DISCUSSION

Debtor argues that the Objection to Amended Plan was untimely, that Santander did not have standing to object, and that the Objection is without merit because Santander accepted the Original Plan and therefore is deemed to have accepted the Amended Plan. Santander argues to the contrary, and also asks the Court, in the alternative, to sustain its Objection in the interests of justice. The Court will address each of the issues raised by the parties.

A.  Santander's Objection to Amended Plan is timely.

Debtor asserts that Santander's Objection to Amended Plan is untimely because Santander did not timely object to the Original Plan and the Amended Plan does not alter treatment of Santander's claim.

Santander disagrees, asserting that its Objection to Amended Plan was filed within the deadline fixed in the notice served with the Amended Plan making the objection timely. Santander reasons that the Notice gave it a new time to object to the Amended Plan, regardless of whether it objected to the Original Plan. Santander argues further that by serving a Notice

-4-

specifying a time to object to the Amended Plan, the Debtor waived the right to contest the timeliness of an objection to the Amended Plan filed within the specified tine.

Santander also asserts that it filed its Objection to Amended Plan within the time required by Fed. R. Bankr. P. 3015(f), making the objection timely. Santander explains that Bankruptcy Rule 3015(f) allows an objection to be filed "at least seven days before the date set for the hearing on confirmation," and argues that under Bankruptcy Rule 9006(c)(2) the bankruptcy court has no authority to reduce that time.

Upon filing the Amended Plan, Debtor sent the Notice using NM LF 3015-2(e)B[3] designed for giving notice of the deadline to object to a chapter 13 plan filed after the petition date. Such Notice gave all creditors and parties in interest notice of a 21-day deadline to object to the Amended Plan. Having received that notice, Santander, along with all other creditors and parties in interest, was given an opportunity to file a timely objection to the Amended Plan notwithstanding the fact that the deadline to object to the Original Plan had already expired. Santander filed its Objection to Amended Plan before the deadline specified in the Notice. Therefore, its Objection to the Amended Plan was timely.

B.    Santander has standing to object to the Amended Plan.

Debtor argues that Santander does not have standing to object to the Amended Plan because it accepted the Original Plan by not objecting to it. Santander argues that it did not accept the Original Plan and cites supporting caselaw. Because Santander is a creditor whose rights are directly affected by the Amended Plan, it has standing. § 1324(a) ("A party in interest may object to confirmation of the plan."); *In re Steele*, 403 B.R. 882, 885-86 (Bankr. D. Kan. 2009) ("Although not specifically defined in the Bankruptcy Code, the phrase 'party in interest'

---

[3] NM-LF refers to New Mexico Local Form.

has been interpreted to include 'all persons whose pecuniary interests are directly affected by the bankruptcy proceedings.'" (quoting *In re Davis*, 239 B.R. 573, 579 (10th Cir. BAP 1999))).

Debtor's standing argument is without merit.

      C.    <u>The Court will consider the merits of the Objection to Amended Plan based on the effect of § 1323(c) even though the Motion to Strike is based on the alleged untimeliness of the Objection.</u>

Both parties have argued the effect of § 1323(c) with respect to Santander's Objection to the Amended Plan. For reasons described below, the effect of § 1323(c) goes to the merits of the Objection, not its timeliness.[4] The Court therefore will decide whether the Objection has merit based on the effect of § 1323(c).

      D.    <u>Santander's failure to object to the Original Plan constituted acceptance of the Amended Plan.</u>

Santander objects to the Amended Plan on three grounds: 1) Debtor undervalued the vehicle securing its claim; 2) the interest rate proposed in the Amended Plan is inadequate; and 3) the Amended Plan does not propose adequate protection payments or equal monthly payments. Section 1325 sets forth the requirements for confirmation of a chapter 13 plan. Section 1325(a)(5) provides:

> (5) with respect to each allowed secured claim provided for by the plan—
>     (A) the holder of such claim has accepted the plan;
>     (B) (i) the plan provides that—
>         (I) the holder of such claim retain the lien securing such claim until the
>             earlier of—
>             (aa) the payment of the underlying debt determined under
>              nonbankruptcy law; or
>             (bb) discharge under section 1328; and
>         (II) if the case under this chapter is dismissed or converted without
>             completion of the plan, such lien shall also be retained by such
>             holder to the extent recognized by applicable nonbankruptcy law;

---

[4] Debtor has conflated the issue of whether Santander's Objection to the Amended Plan was timely with the issue of whether the Objection has merit. Debtor has argued the effect of § 1323(c) in the context of the timeliness of the Objection.

(ii) the value, as of the effective date of the plan, of property to be
distributed under the plan on account of such claim is not less than
the allowed amount of such claim; and

(iii) if—

(I) property to be distributed pursuant to this subsection is in the form
of periodic payments, such payments shall be in equal monthly
amounts; and

(II) the holder of the claim is secured by personal property, the amount
of such payments shall not be less than an amount sufficient to
provide to the holder of such claim adequate protection during the
period of the plan; or

(C) the debtor surrenders the property securing such claim to such holder;

Each of Santander's three objections to the Amended Plan are based on § 1325(a)(5)(B).

The objection that Debtor undervalued the vehicle and proposed an inadequate interest rate is an

objection under § 1325(a)(5)(B)(ii). The objection that the Amended Plan fails to propose

required adequate protection payments and equal monthly payments is an objection under

§ 1325(a)(5)(B)(iii).

Because the requirements of subsections (A) and (B) of § 1325(a)(5) are in the

disjunctive, if a secured creditor has accepted the plan, the plan satisfies subsection (A) with

respect to the treatment of such creditor's secured claim, and the plan need not satisfy the

requirements of subsection (B). *See In re Jones*, 530 F.3d 1284, 1291 (10th Cir. 2008) (when the

holder of an allowed secured claim accepts a chapter 13 plan, the plan satisfies the requirements

of § 1325(a)(5)(A) and need not meet the requirements set forth in § 1325(a)(5)(B)). The

question here is whether Santander's failure to timely object to the Original Plan satisfies the

requirements of subsection (A), and, if so, whether that acceptance means that Santander is

deemed to have accepted the Amended Plan by operation of § 1323(c).

Section 1323(c) governs acceptance or rejection of a plan modification. Section 1323(c)

provides:

Any holder of a secured claim that has accepted or rejected the plan is deemed to
have accepted or rejected, as the case may be, the plan as modified, unless the

-7-

modification provides for a change in the rights of such holder from what such rights were under the plan before modification, and such holder changes such holder's previous acceptance or rejection.

Under § 1323(c), if (1) the Amended Plan is a modification of the Original Plan; (2) the Amended Plan does not a change Santander's rights from what such rights were under the Original Plan; and (3) Santander accepted the Original Plan, then Santander is deemed to have accepted the Amended Plan. In that event, Debtor would satisfy the requirements of subsection (A) of § 1325(a)(5), obviating the need for her to satisfy the requirements of subsection (B) upon which Santander's objections to the Amended Plan are based.

The Court will address each of the three requirements set forth in § 1323(c) to determine whether Santander is deemed to have accepted the Amended Plan.

      1.    <u>An Amended Plan is the equivalent of modification under § 1323(a)</u>

Section 1323(a) provides, in relevant part, that "[t]he debtor may modify the plan at any time before confirmation . . . ." After modification, "the plan as modified becomes the plan." § 1323(b). Although § 1323(a) uses the words "modify" and "modified" rather than "amended," a pre-confirmation modification filed under section § 1323 is considered an "amended plan." *See In re Wojciechowski*, 568 B.R. 682, 683 n.4 (8th Cir. BAP 2017) (acknowledging that in some jurisdictions, modified plans filed under § 1323(a) are referred to as amended plans); *In re Rickabaugh*, No. 1:20-bk-3505-HWV, 2021 WL 3520193, at *2 (Bankr. M.D. Pa. Aug. 10, 2021) ("Debtor filed a Second Amended Plan pursuant to § 1323(a) . . . ."); *see also In re Muessel*, 292 B.R. 712, 716 (1st Cir. BAP 2003) (per curiam) ("Only a debtor may amend a Chapter 13 plan prior to confirmation." (citing § 1323(a)). Pre-confirmation modifications to

chapter 13 plans are effectuated in this district by filing an amended plan.[5] By filing the Amended Plan, Debtor filed a pre-confirmation modification under § 1323(a), satisfying one of the requirements in § 1323(c) for Santander's deemed acceptance of the Amended Plan.

> 2. The Amended Plan does not change Santander's treatment provided under the Original Plan.

Santander has conceded that Debtor's "treatment of Santander did not change" in the Amended Plan and has not otherwise argued the Amended Plan changed its rights under the Original Plan. Section 1323(c)'s requirement for deemed acceptance that the modified plan provided no change in the rights of the secured creditor has also been satisfied.[6]

> 3. Santander accepted the Original Plan

The principal dispute between the parties regarding whether the requirements in § 1323(c) for deemed acceptance of the Amended Plan have been met is whether Santander accepted the Original Plan. Debtor asserts that Santander's failure to object to the Original Plan constitutes its acceptance of the Original Plan. Santander disagrees.

> (a) The Tenth Circuit's discussion *In re Jones* of acceptance by failing to object is nonbinding dicta.

In *In re Jones*, the Tenth Circuit held that the chapter 13 plan failed to meet requirements in § 1325(a)(5)(B) and therefore should not have been confirmed. 530 F.3d at 1292. The Tenth

---

[5] *See* NM LBR 3015-2(d) ("[A]ll preconfirmation motions must be included in the plan and all preconfirmation amended plans and not filed separately."); NM LF 3015-2 (Local Form Chapter 13 Plan– with check box for "Amended Plan Number ___ (e.g. 1st, 2nd)").

[6] Only if the plan modification changes the secured creditor's treatment does the creditor have the opportunity to change its acceptance of the original plan. *See* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 429 (1977), 1978 U.S.C.C.A.N. 5963, 6385 ("A holder of a secured claim that accepted or rejected a plan is deemed to have accepted or rejected, as the case may be, the plan as modified, unless the modification provides for a change in the rights of the holder of the secured claim that is different from any change proposed under the original plan. The holder of the claim may then change his acceptance or rejection.").

Circuit discussed at some length the issue of whether a secured creditor's failure to object to a chapter 13 plan constitutes its acceptance of the plan and concluded that it does. *Id.* at 1291.

However, the Tenth Circuit's discussion in *In re Jones* regarding whether a secured creditor's failure to object to a chapter 13 plan constitutes acceptance of the plan is dicta. The secured creditor in *In re Jones* timely objected to the plan, making discussion of the issue unnecessary; the requirements in § 1325(a)(5)(B) applied regardless of whether the failure to object to a chapter 13 plan constituted acceptance of the plan.[7] *Id.* at 1292. Statements in an opinion that are unnecessary for the Court's decision are dicta. *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1202 (10th Cir. 2018) ("Statements which appear in an opinion but which are unnecessary for its disposition are dicta." (quoting *Bishop v. Smith*, 760 F.3d 1070, 1083 (10th Cir. 2014))). Dicta in a Tenth Circuit opinion is not binding on lower courts in the Tenth Circuit. *See Gonzalez Aguilar v. Wolf*, 448 F. Supp. 3d 1202, 1210 (D.N.M. 2020) (Tenth Circuit dicta is not binding); *United States v. Loera*, 182 F. Supp. 3d 1173, 1221 (D.N.M. 2016), *aff'd*, 923 F.3d 907 (10th Cir. 2019) (same).

Because the Tenth Circuit's conclusion in *In re Jones* that a secured creditor's failure to object to a chapter 13 plan constitutes acceptance of the plan is dicta, this Court will consider the issue.

(b)     Failure to object to a chapter 13 plan constitutes acceptance.

This Court agrees with the Tenth's Circuit's dicta in *In re Jones* that a secured creditor's failure to object to a chapter 13 plan constitutes its acceptance of the plan. The Third, Sixth, and

_____

[7] Another bankruptcy court has characterized the Tenth Circuit's statement that a secured creditor's failure to object to a chapter 13 plan constitutes acceptance of the plan as dicta, though it acknowledged that the Tenth Circuit "unambiguously confirmed" the point "that a secured creditor accepts a plan under § 1325(a) when the creditor does not object to confirmation." *In re Foley*, 606 B.R. 790, 794 (Bankr. E.D. Wis. 2019).

Ninth Circuits, and the First Circuit Bankruptcy Appellate Panel, in addition to the Tenth Circuit, have determined that a secured creditor who does not object to confirmation of a proposed chapter 13 plan has accepted the plan. *Shaw v. Aurgoup Fin. Credit Union*, 552 F.3d 447, 457 (6th Cir. 2009) ("[I]f a secured creditor fails to object to confirmation, the creditor will be bound by the confirmed plan's treatment of its secured claim under § 1325(a) . . . . because the failure to object constitutes acceptance of the plan."); *In re Andrews*, 49 F.3d 1404, 1409 (9th Cir. 1995) ("In most instances, failure to object translates into acceptance of the plan by the secured creditor." (citing *Matter of Gregory*, 705 F.2d 1118, 1121 (9th Cir. 1983))); *In re Szostek*, 886 F.2d 1405, 1513 (3d Cir. 1989) (a secured creditor's "failure to make a timely objection constitutes acceptance of the [chapter 13] plan."); *In re Flynn*, 402 B.R. 437, 444 (1st Cir. BAP 2009) (A secured creditor's failure to object to a chapter plan constitutes implied consent so long as the secured creditor was given proper and adequate service and notice). A majority of bankruptcy courts addressing the issue likewise conclude that a secured creditor's failure to object to a chapter 13 plan is an acceptance of the plan under § 1325(5)(A).[8]

Chapter 13 refers to acceptance or rejection of a plan in §§ 1323(c), 1325(a)(5), and 1327(a). But unlike chapter 11, acceptance or rejection of a chapter 13 plan is not tied to voting.[9]

_____

[8] *E.g. Foley*, 606 B.R. at 797 (a creditor's failure to object timely constitutes acceptance of the plan under § 1325(a)(5)); *Breen v. Portfolio Recovery Assocs., LLC*, No. 3:18CV759, 2019 WL 2871142, at *6 (E.D. Va. July 3, 2019) (same); *In re Pfetzer*, 586 B.R. 421, 426 (Bankr. E.D. Ky. 2018) (same); *In re Carr*, 584 B.R. 268, 275 (Bankr. N.D. Ill. 2018) (same); *In re Olszewski*, 580 B.R. 189, 192 (Bankr. D.S.C. 2017) (same). *Contra In re Shelton*, 592 B.R. 193 (Bankr. N.D. Ill. 2018) (failure to object to a chapter 13 plan does not constitute acceptance of the plan); *see also In re Montoya*, 341 B.R. 41, 45-46 (Bankr. D. Utah 2006) (discussed below in footnote 11 and the accompanying text).

[9] Under chapter 11, creditors accept or reject a plan by voting to accept or reject the plan. *See* § 1126 (governing acceptance or rejection of a chapter 11 plan), Fed.R.Bankr.P. 3018(c) (specifying the form of acceptance or rejection), Official Bankruptcy Form B314 (the form of ballot used to vote to accept or reject a chapter 11 plan). In addition, § 1126(f) provides that a class that is unimpaired under a plan, and each holder of a claim or interest in the class, is conclusively presumed to have accepted the plan, and solicitation of votes from the holders of such claims and interests is not required. In some instances, the failure to vote constitutes a deemed acceptance of a chapter 11 plan. The Tenth Circuit has held that a

The Bankruptcy Code and Bankruptcy Rules are silent as to what constitutes acceptance of a chapter 13 plan for purposes of § 1325(a)(5)(A) or otherwise. There is no mechanism specified in the Code or Rules for secured creditors to expressly and affirmatively "accept" or "reject" a chapter 13 plan, and there is no explanation in the Code or Rules of what constitutes an acceptance or rejection. *Flynn*, 402 B.R. at 443. The only specified mechanism for a creditor to oppose confirmation of a chapter 13 plan is to object to the plan. *See* Fed.R.Bankr.P. 3015(f).

In chapter 13, under which creditors do not vote on the plan, creditors are given notice and an opportunity to object to the plan. *See* Fed.R.Bankr.P. 2002(a)(9). If no objections are timely filed, the Court may confirm the plan without further notice and without a hearing. *See* Fed.R.Bankr.P. 3015(f) ("If no objection is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues."); Official Bankruptcy Form B113, Part 1 ("The Bankruptcy Court may confirm this [chapter 13] plan without further notice if no objection to confirmation is filed."); NM LF 3015-2(e)B ("If no objections [to the chapter 13 plan] are timely filed, the Court may enter an order confirming the plan without a hearing.").

The judicial doctrine of implied acceptance by failing to object fills the gap left by the silence of the Bankruptcy Code and Rules regarding what constitutes an acceptance of a chapter 13 plan. Objecting is the only mechanism specified in the Code and Rules for creditors to oppose confirmation of the plan, express their lack of acceptance of the plan, and avoid possible plan confirmation without further notice or a hearing.

---

class of claims is deemed to have accepted a chapter 11 plan if the class does not vote to accept or reject the plan. *In re Ruti-Sweetwater*, 836 F.2d 1263, 1267-68 (10th Cir. 1988).

-12-

The Court in *Montoya* explained:

'[I]mplied' acceptance is allowed because Chapter 13, unlike Chapter 11, has no balloting mechanism to evidence acceptance of a proposed plan, and it is only the negative—a filed objection—that evidences the lack of acceptance. When the creditor simply does nothing, the judicial doctrine of 'implied' acceptance fills the drafting gap in the Code.

*In re Montoya*, 341 B.R. at 45.[10, 11]

The failure to object to a chapter 13 plan constitutes an implied acceptance consistent with use of the terms "rejected" and "rejection," and "accepted" and "acceptance," in § 1323(c); the term "accepted" in § 1325(a)(5)(A); and the terms "objected," "accepted," and "rejected" in § 1327(a).

Santander relies on and quotes the following passage from *In re Shelton*:

Looking at the language in context, it is clear to the court that, even in chapter 13, objections and acceptances are not the same. Congress used both terms in section 1327(a), which states that "[t]he provisions of a confirmed plan bind the debtor and each creditor, ... whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). Equating acceptance with lack of objection renders section 1323(c) nearly incomprehensible. 11 U.S.C. § 1323(c) ("Any holder of a secured claim that has accepted or rejected the plan is deemed to have accepted or rejected, as the case may be, the plan as modified, unless the modification provides for a change in the rights of such holder from what such rights were under the plan before modification, and such holder changes such holder's previous acceptance or rejection."). Section 1323(c), by its very wording, shows that Congress knows the difference between actual acceptance and deemed

---

[10] *See also Flynn*, 402 B.R. at 443–44 (applying the judicial doctrine of implied acceptance for the reasons stated in *Montoya*); *In re Brown*, 108 B.R. 738, 740 (Bankr. C.D. Cal. 1989) ("As no mechanism for plan acceptance by creditors exists in a chapter 13 case . . . acceptance is implied when an objection is not raised.").

[11] As applied to the facts present in that case, the *Montoya* court ultimately rejected implied acceptance by the creditor who failed to object to confirmation of the debtor's proposed chapter 13 plan because the debtor "propos[ed] a plan intentionally inconsistent with the Code and then wait[ed] for the trap to spring on a somnolent creditor." *Montoya,* 341 B.R. at 45. The *Montoya* court stated further that if it had found an implied acceptance of the plan, it nevertheless would have denied confirmation based on its independent duty to ensure that the plan complies with § 1325(a) even in the absence of an objection. *Montoya*, 341 B.R. at 46. In *Montoya*, the plan proposed to bifurcate what is known as a "910-car claim." A 910-car claim is a claim based on a purchase money security interest in a motor vehicle acquired for the personal use of the debtor securing a debt incurred within 910 days preceding the filing of the bankruptcy petition. Section 1325(a) prohibits bifurcation of a 910-car claim. *See* the unnumbered paragraph at the end of § 1325(a), sometimes known as "the hanging paragraph."

acceptance. Congress most certainly knew how to write section 1325(a)(5)(A) to state expressly that the provision would apply in the absence of the objection, but chose instead to speak in terms of acceptance.

*Shelton*, 592 B.R. at 206–07.

This Court respectfully disagrees with the *Shelton* court's view that "[e]quating acceptance with lack of objection renders section 1323(c) nearly incomprehensible." *Shelton*, 592 B.R. at 206. Consistent with § 1323(c), a creditor can accept a plan by failing to object, but still object to and thereby also reject a modified plan if the modification changes the creditor's rights under the original plan. But if the modification does not change the creditor's rights under the original plan and the creditor did not timely object to the original plan, the creditor is deemed to have accepted the modified plan. § 1323(c). Thus, if a creditor that failed to object to the original plan objects to an amended plan that does not change its rights, the creditor's attempt to "reject" the amended plan fails. By the same token, under § 1323(c), if a secured creditor timely objects to the original plan and the plan modification or amended plan does not change the creditor's rights under the plan, the creditor need not object to the modification or amended plan to preserve its original objection. A secured creditor whose treatment is favorably changed by an amended plan may also change its prior rejection of the original plan, presumably by either withdrawing its earlier objection, objecting to the modified plan, or by approving the confirmation order.

Here, in accordance with the Bankruptcy Rules and this Court's Local Rules, Debtor gave Santander notice that if Santander objects to the Original Plan it must file an objection by a specified time and that if no objections are timely filed the Court may confirm the plan without notice. Service of the notice of the Original Plan on Santander was proper and the notice was

adequate. Santander did not timely object to the Original Plan.[12] Santander's failure to object to the Original Plan constituted acceptance of the Original Plan under § 1325(5)(A).

E.  Debtor has satisfied the confirmation requirements with respect to Santander's secured claim. The Court declines to accept Santander's invitation to consider its objection "in the interests of justice."

Santander argues that as part of the Court's duty to independently ensure that a plan satisfies the confirmation requirements, and, in the "in the interests of justice," the Court should consider the merits of Santander's objection to confirmation of the Amended Plan. The Court has found that by failing to timely object to the Original Plan, Santander accepted the Original Plan, and, by operation of § 1323(c), is deemed to have accepted the Amended Plan. As a result of that acceptance, Debtor has satisfied the confirmation requirement of § 1325(a)(5) by meeting the requirement of subsection (A). Debtor is not required to satisfy the alternative requirement of subsection (B) upon which all of Santander's objections to the Amended Plan are based.

Courts have a duty to deny confirmation of a chapter 13 plan even in the absence of an objection if the debtor fails to conform the plan to the requirements of § 1325(a). *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 276-77 (2010). The Court has reviewed the Amended Plan and is satisfied that it meets the confirmation requirements of § 1325(a). The Court reviewed, in particular, whether the plan treatment of Santander's claim satisfies the requirement under § 1325(a)(3) that the plan be proposed in good faith and has concluded that it satisfies that requirement. Where, as here, the Amended Plan satisfies all of the requirements under the Bankruptcy Code and Bankruptcy Rules for plan confirmation, the Court declines Santander's invitation for the Court to rule in its favor "in the interests of justice."

---

[12] Santander withdrew its untimely objection to the Original Plan after Debtor filed a motion to strike the objection as untimely filed. *See* Docs. 25 and 27.

-15-

CONCLUSION

Based on the foregoing, the Court concludes that Santander's Objection to Amended Plan must be overruled, notwithstanding its timeliness. Debtor satisfied the confirmation requirements of § 1325(a)(5) with respect to Santander's secured claim because Santander impliedly accepted the Original Plan by failing to object and is deemed to have accepted the Amended Plan under § 1323(c). Santander filed its objections to the Amended Plan under subsection (B) of § 1325(a)(5), which Debtor is not required to satisfy because she met the alternative requirement of subsection (A) by Santander's implied acceptance of the Original Plan and its deemed acceptance of the Amended Plan. The Court will enter a separate order consistent with this Memorandum Opinion.

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: March 1, 2022

COPY TO:

Jason Michael Cline
Attorney for Debtor
Jason Cline, LLC
2601 Wyoming Blvd. NE, Suite 108
Albuquerque, NM 87112

James E Shively
Attorney for Santander
Ball, Santin & McLeran, PLC
2999 N 44th St Ste 500
Phoenix, AZ 85018-7252

Tiffany M. Cornejo
Chapter 13 Trustee
625 Silver Avenue SW, Suite 350
Albuquerque, NM 87102-3111

-16-